# SUPREME COURT.

## MASON agt. LEE.    RICHARDSON agt. LEE.

An application by a party for a *stay of the examination and proceedings in supplementary proceedings*, should be made to the *referee*, and not to the judge who made the order appointing the referee.

*Ill health* or *extreme mental excitement* is good ground for postponing the examination. And a judge or referee should never put a party in peril by compelling an examination under circumstances of danger to health or intellect.

*Saratoga Special Term, June, 1862.*

APPLICATION to vacate an order staying proceedings in supplementary proceedings before a referee.

BOCKES, Justice. On the 17th May, 1862, I granted an order in proceedings supplementary to execution, in these causes, requiring the defendant Lee to appear before Mr. Catlin, to be examined in regard to his property. This order was made returnable May 24th. On the 23d May, and on the affidavit of Mr. Lee's attorney, I granted an order staying proceedings for twenty days, except that the referee was allowed to adjourn the proceedings and examination to a time and place to be fixed by him. This stay was allowed on the facts stated in the affidavit, that Lee was then laboring under great mental excitement, to an extent to render him incompetent at times to transact business ; that his mind was at times wandering, and his memory impaired ; and that, in the opinion of the affiant, his mental condition was such that an examination would seriously affect his health, both mental and physical.

It appears that the referee adjourned the examination to the 3d June, instant, and I am now asked to vacate the order staying the proceedings before him. I am therefore led to an examination of the practice proper to be adopted in such case.

An affidavit is presented, intended to show that Lee is well able to be examined ; and further, it is urged that the stay is merely for delay, and is productive of probable injurious consequences to the plaintiffs. But I think the question of practice may be determined without any reference to the facts stated in the plaintiffs' affidavit, although, perhaps, the order might be of doubtful propriety, if the application to vacate was made to stand on the case as made by the papers.

After a careful examination, I am satisfied the order staying proceedings was improvidently granted. The ques-

tion whether the party is able to submit to an examination, is for the referee, and it is not to be presumed that he will act oppressively or with cruelty. He is supposed to stand impartially between the parties, and if he should conduct otherwise than with entire fairness, would be removed at once, on proper application. As regards a postponement of the examination for any reason whatever, he must be deemed to occupy the same position as if the proceeding was before the judge, and the application was made to him. A liberal indulgence should generally be extended, especially if no injury would be occasioned by the delay; and especially should this be the case, if there is a reasonable apprehension of danger to the health of the party to be examined. Ill health or extreme mental excitement is good ground for postponing the examination, and a judge or referee will never put a party in peril by compelling an examination under circumstances of danger to health or intellect. In this regard the examination should not be inquisitorial. The question is, however, for the judge or referee before whom the examination is to be conducted.

But it may be asked, what shall a party do in case the referee is unjustly arbitrary, and refuses a postponement when a clear and undoubted case is made for an adjournment? It is not probable that such case will often occur. I can hardly conceive that it will ever happen. But if it should, it is quite probable that the party would be justified in withdrawing, leaving the other party to apply for an order to punish the disobedience, when the case would be examined, and if the insubordination should appear unwarrantable, punishment would of course follow. It will be presumed, as a general rule, that the determination of the referee is correct, and the party who should refuse obedience to his requirements would be called on to make a very clear case, or he would be adjudged in contempt.

Entertaining these views, it is apparent that I ought to

vacate the order staying proceedings, and leave the matter to the referee. He will be, I have no doubt, fair and just in his action, and liberal in granting a postponement, if there be any just ground for the application. At the same time he should see to it that no delay be extended, unless the circumstances are such as to imperatively demand it.